UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AT ENGINE CONTROLS LTD., | : | 3:10 CV 01539 (VLB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| GOODRICH CORPORATION and | : | |
| GOODRICH PUMP & ENGINE | : | |
| CONTROL SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | May 3, 2013 |

## AMENDED STIPULATED PROTECTIVE ORDER

**WHEREAS,** Plaintiff AT Engine Controls Ltd. brought this action against Defendants Goodrich Corporation and Goodrich Pump & Engine Control Systems, Inc.;

**WHEREAS**, Goodrich Pump & Engine Control Systems, Inc. has filed counterclaims in this action;

**WHEREAS,** Plaintiff and Defendants have commenced discovery and desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled; and

**WHEREAS,** the Plaintiff and Defendants have stipulated and established that good cause exists for the entry of a Protective Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AS FOLLOWS:**

1.  Any party may designate any document or information contained in a document as confidential if the party determines, in good faith, that such designation is necessary to protect

the interests of that party because the designated material (a) is not generally available to the public; and (b) is sensitive commercial, financial or business information, sensitive personal information, trade secrets or other confidential research or development or commercial information the public disclosure of which may adversely affect the producing party (or a third party that supplied the information).  Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."  For purposes of this Order, "confidential" information or documents will be referred to collectively as "confidential information."

      2.      Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the party receiving such information solely for use in connection with this civil action and will be used for no other purpose.

      3.      In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Special Master appointed by the Court, but shall abide by the confidential designation pending the Special Master's resolution.  Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

      4.      Information or documents designated as "Confidential" shall not be disclosed to any person, except:

        a.      The requesting party and counsel of record;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.    Consultants or experts, including associated personnel necessary to assist such consultants or experts, retained for the purposes of this litigation if necessary for the work being performed by such consultant or expert;

      d.    Litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or counsel for the purpose of assisting that party in this litigation;

      e.    Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

      f.    The Court, the Special Master appointed by the Court, or the jury at trial or as exhibits to motions; and

      g.    Such other persons as hereafter may be authorized by the Court upon motion of either party or upon stipulation of all parties as entered by the Court.

5.    Prior to disclosing or displaying the confidential information to any person, counsel shall:

      a.    inform the person of the confidential nature of the information or documents; and

      b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.    The confidential information may be displayed to and discussed with the persons identified in Paragraphs 4(c), (d), (e) and (g) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Special Master appointed by the Court.  Before an individual

described in Paragraphs 4(c), (d), (e) and (g) herein is afforded access to the producing party's confidential information, the party seeking disclosure shall provide notice to the producing party by furnishing the identity of the individual and a signed copy of Exhibit A.  For an individual described in Paragraph 4(c), the party seeking disclosure shall also furnish the individual's current resume or *curriculum vitae*.  The producing party shall then have ten (10) days after receiving such notice to object in writing, setting forth the specific grounds of the objection, to the disclosure of confidential information to the individual (the "Designated Individual").  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue is not resolved, then the producing party shall within twenty (20) business days after providing such objection file a motion before the Special Master appointed by the Court seeking to prevent disclosure of such confidential information to the Designated Individual.  Otherwise, if a timely objection is made or a timely motion is filed, no confidential information of the producing party shall be disclosed to the Designated Individual, except by further Order of the Special Master appointed by the Court or subsequent written agreement between the parties.

7. A heightened level of protection will be afforded to confidential information designated as "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL."  A designation of "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" may be made by any producing or designating party only after such party has made a good faith determination that the information or documents include or constitute confidential and proprietary information which, if disclosed to the other party, rather than to his, her, or its counsel, could result in serious injury or harm to the designating party's interests.  The parties have exchanged drafts identifying proposed categories of documents that would qualify for this heightened level of protection, but have not

yet been able to reach agreement. In the spirit of cooperation, the Plaintiff hereby agrees to accept the following description of documents qualifying for heightened level of protection:

> The parties agree that for the purposes of this Order, documents or information that contain or refer to trade secrets or other confidential or technical research, development, business, or financial information and that, if disclosed to a business competitor, would tend to damage the disclosing party's competitive position may be marked and designated as "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL."

The Plaintiff reserves its right to revisit this issue with the Defendants after reviewing documents produced under this Order should the above definition of documents qualifying for heightened confidentiality protections prove unacceptable and have the issue decided by the Special Master or the Court on a *nunc pro tunc* basis.

Information or documents designated as "Attorneys' Eyes Only" or "Highly Confidential" may only be disclosed to outside counsel of record, employees of such counsel assigned to and necessary to assist in the litigation, consultants or experts retained for the purposes of this litigation if necessary for the work being performed by such consultant or expert, and the Court, and a maximum of four designated employees for each party, designated as follows:

   a. For the Plaintiff: John Brightman; Terry Madden; Andrea Hough; and one employee to be designated later;

   b. For Defendant Goodrich Pump & Engine Control Systems, Inc.: Pat Sisson; John Wright; Alec Searle; and Dennis Elwood;

5

        c.      For Defendant Goodrich Corporation: four employees to be designated later.

The parties agree that the employees designated by Plaintiff will have no involvement in the design or development, by or on behalf of AT Engine Controls, Ltd., of any follow-on product to the Digital Electronic Control Unit ("DECU") at issue in this case or any future product that will compete with Defendants' EMC 100 product. Additionally, where a party has indicated that it intends to designate an employee or employees later, it may do so by sending written notice to counsel for all parties. The parties further agree that information or documents designated as "Attorneys' Eyes Only" or "Highly Confidential" may also be disclosed to such other persons or entities as ordered by the Court or agreed to in writing or on the record by the parties. The provisions disclosed in Paragraphs 5 and 6 should also apply to confidential information designated as "Attorneys' Eyes Only" or "Highly Confidential."

      8.      Plaintiff and Defendants agree that the disclosure of all documents and information in this action, including during all discovery matters, such as depositions, document productions, interrogatory responses, expert reports and party admissions, and all court and trial presentations shall comply with the applicable U.S. Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations ("ITAR") and the export control laws of the U.S. Government (referred to collectively as "export documentation"). In particular, export documentation shall not be disclosed to any person, including any party, witness, consultant, expert or corporate representative that is not a United States citizen or lawful permanent resident of the United States or a protected individual granted asylum or refugee status or to a foreign corporation that is not organized or incorporated to do business in the United States (collectively known as "foreign persons"). To the extent that the parties wish to provide export

6

documentation to any foreign persons, they shall not do so without the execution of a valid export license, as required by the Department of Commerce or the Department of State of the United States as applicable.

9. An appropriate warning statement or destination control statement shall be placed on each individual page of all export documentation in order to properly identify the document is considered by the disclosing party to be either an "EAR DOCUMENT" or "ITAR DOCUMENT." Each document labeled as an "EAR DOCUMENT" or a similar designation shall be understood to expressly include the following statement, even if not stated on the actual document: "These commodities, technology or software are controlled by the U.S. Export Administration Regulations (EAR). Diversion contrary to U.S. Law is Prohibited." In addition, each document labeled as an "ITAR DOCUMENT" or a similar designation shall be understood to expressly include the following statements, even if such language is not stated on the actual document: "This document contains technical data within the definition of the International Traffic in Arms Regulations (ITAR) and is subject to the export control laws of the U.S. Government. Transfer of this data by any means to a foreign person or foreign entity, whether in the United States or Abroad, without an export license, ITAR exemption or other approval from the U.S. Department of State, is Prohibited."

The labeling of documents by the producing party as an "EAR DOCUMENT" or an "ITAR DOCUMENT" shall not constitute a waiver of the party seeking disclosure's right to make its own determination as to whether the labeling of a document as an "EAR DOCUMENT" or an "ITAR DOCUMENT" is proper, and act accordingly.

10. Information set forth in a response to an interrogatory may be designated as "Confidential" or "Attorneys' Eyes Only" by including such designation in the response or portion thereof.

11. Information contained in a document or a part thereof may be designated "Confidential" or "Attorneys' Eyes Only" by so marking each page of the document and all copies of it delivered to the receiving party.

12. Deposition testimony and attachments or exhibits to deposition transcripts may be designated "Confidential" or "Attorneys' Eyes Only" either (1) during or before taking of deposition testimony, in which case the confidential portion of which shall be marked "Confidential" or "Attorneys' Eyes Only" by the reporter on each page designated as such as the Designating Party may direct, or (2) by written notice to the reporter and all counsel of record, given within twenty-one (21) days after the transcription is received by the party or its counsel, in which case the transcript portion(s) or attachments designated as "Confidential" or "Attorneys' Eyes Only" shall not be revealed except as provided hereby.

13. For the purpose of Paragraphs 4(e) and (f), the confidential information shall not be filed with the Court absent: (a) consent from the party designating the materials as confidential; or (b) the issuance of a sealing order from the Court addressing such confidential information. Documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Order does not provide for the automatic sealing of documents.

14. No party to this action shall be obligated within any particular time to challenge the propriety of any designation, and a failure to do so (or delay in doing so) shall not preclude a subsequent attack on the propriety of such designation. Conversely, failure to so designate any information as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of any

party's claim, either within or outside this lawsuit, that any information is otherwise confidential information.

15. The inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege shall be without prejudice to any claim that such material is privileged or protected from discovery.  No party will be held to have waived any rights by such inadvertent production if the producing party gives prompt notice to all other parties that it is asserting a claim of privilege or other objection with respect to such document or other information upon learning of the inadvertent production.  If one party learns that it has received (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, such party must provide written notification to the other party within 15 calendar days of learning of the receipt of the same identifying such information and/or attaching such documents(s) thereto.  In response, the disclosing party has 15 calendar days to provide written notification to the non-disclosing party that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).  Alternatively, if the disclosing party is the one who initially learns that it has produced (whether through inadvertence or otherwise) any information or documents (regardless of form) which may be subject to the attorney-client privilege or work-product protection, the disclosing party must provide written notification to the other party within 15 calendar days of learning of the same that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s).

Upon the receipt of any attorney-client privilege or work-product protection claim from the disclosing party, the non-disclosing party must (within 15 calendar days of the receipt of the

assertion of such claim) either: (a) agree in writing to the disclosing parties assertion of such claim and return to the disclosing party any original document(s) (and destroy and not retain any copies of such original documents(s)) and never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the disclosing party in writing that it objects to the assertion of such claim, then the non-disclosing party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the disclosing parties request for adjudication of such claim by the Court.

16. Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of the confidential information produced by the opposing party, provided that such communications shall not disclose or reveal such confidential information.

17. The provisions of this Protective Order may be made available to a third party from whom information is sought provided that party's understanding to be bound by the terms of this Order is obtained in writing.

18. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed. For the purposes of this paragraph, the "conclusion of litigation" shall mean by settlement, by the final decision of the Court that has become nonappealable, or by a final disposition on appeal. However, retained outside trial counsel may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.

19. No party shall, for himself/herself or itself or for any person or persons acting on his/her or its behalf, make more copies of any confidential information than are reasonably necessary to conduct this litigation.

20. Except as otherwise provided for in this Stipulated Protective Order, all confidential information shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

21. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

**STIPULATED AND AGREED:**

                                                  **PLAINTIFF AT ENGINE CONTROLS LTD.**

Dated: May 3, 2013         By:    <u>Ronald W. Zdrojeski</u>
                                            Ronald W. Zdrojeski (CT01089)
                                            F. Barry McCabe (PHV / GA 481998)
                                            SUTHERLAND ASBILL & BRENNAN LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            Telephone: (212) 389-5000
                                            Facsimile: (212) 389-5099

                                            **DEFENDANT GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC.**

Dated: May 3, 2013              By:     /s/ Kelly M. Cardin (w/express permission)
                                        Marc L. Zaken (CT03110)
                                        Kelly M. Cardin (CT29162)
                                        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                        Two Stamford Plaza
                                        281 Tresser Blvd., Suite 602
                                        Stamford, CT 06901
                                        Telephone: (203) 969-3101
                                        Facsimile: (877) 229-7662


                                        **DEFENDANT GOODRICH CORP.**


Dated: May 3, 2013              By:     /s/ Michael A. Bucci (w/express permission)
                                        Michael A. Bucci (CT15429)
                                        Day Pitney LLP
                                        242 Trumbull Street
                                        Hartford, CT 06103
                                        Telephone: (860) 275-0100
                                        Facsimile: (860) 881-2495


                                        IT IS SO ORDERED.

                                        _____/s/_____

                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: _____May 14_____, 2013.

12

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AT ENGINE CONTROLS LTD., | : | 3:10 CV 01539 (VLB) |
|     Plaintiff, | : | |
| vs. | : | |
| GOODRICH CORPORATION and GOODRICH PUMP & ENGINE CONTROL SYSTEMS, INC., | : | |
|     Defendants. | : | |

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the foregoing Amended Stipulated Protective Order dated _____ \_\_\_\_\_, 2013 in the above-styled action presently pending before the United States District Court for the District of Connecticut, and that he/she understands the terms thereof and agrees to be bound by such terms.

Date:  _____, 201\_\_

_____
Signature

_____
(Please print name)